**Brent Ronnie DANDRIDGE, Petitioner–Appellant,**

v.

**James HALL, Warden, Respondent–Appellee.**

**No. 04–56139.**

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 22, 2007.

Brent Ronnie Dandridge, Blythe, CA, pro se.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Michael C. Keller, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: LEAVY, RYMER and T.G. NELSON, Circuit Judges.

### MEMORANDUM **

Brent Dandridge, a California state prisoner, appeals pro se the denial of his habeas corpus petition brought under 28 U.S.C. § 2254. He was convicted, after a jury trial, of two counts of inflicting corporal injury upon a cohabitant. He contends that the district court erred in denying his claim that the trial court violated his rights under the Confrontation Clause by admitting pursuant to Cal. Evid.Code § 1370 a police report containing hearsay statements made by the victim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The holding of *Crawford v. Washington*, 541 U.S. 36, 59, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), that "[t]estimonial statements of witnesses absent from trial [may be] admitted only where the declarant is unavailable and only where the defendant has had a prior opportunity to cross-examine," does not apply retroactively to cases that already were final on direct review when *Crawford* was decided. *Whorton v. Bockting*, —— U.S. ——, 127 S.Ct. 1173, 1184, 167 L.Ed.2d 1 (2007). Dandridge's conviction became final in 2002, after the California Supreme Court denied review. We therefore apply *Ohio v. Roberts*, 448 U.S. 56, 65–66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), under which a hearsay statement is admissible if the prosecution shows that the declarant is unavailable and that the statement has adequate "indicia of reliability," meaning either that it falls within a firmly rooted hearsay exception or that there are "particularized guarantees of trustworthiness."

Dandridge does not contend that the victim was available. For the reasons discussed by the district court, the totality of the circumstances established particularized guarantees of the trustworthiness of the victim's statements. *See Lilly v. Virginia*, 527 U.S. 116, 124–25, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999). We therefore affirm the district court's judgment.

**AFFIRMED.**[1]

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Dandridge's motion to strike the answering brief is denied. His request to expand the certificate of appealability also is denied. *See* 28 U.S.C. § 2253(c); 9th Cir. R. 22–1(e).